United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 22, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-10278
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROBERT H. GROSS,

Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:96-CR-82-ALL-A

Before WIENER, BENAVIDES and STEWART, Circuit Judges.

PER CURIAM:[*]

Robert H. Gross appeals from 1996 conviction, following a bench proceeding, of criminal

contempt, a violation of 18 U.S.C. § 401(3). In 2004, following Gross's return from an abscondence

of more than seven years, Gross was sentenced to six months in prison and fined $5,000.

Gross contends that the district court erred by denying his motion for recusal, filed pursuant

to 28 U.S.C. § 455. At a civil-contempt hearing on May 22, 1996, more than one month before the

conviction, the district court stated that Gross had "thumbed his nose" at a grand-jury subpoena, that

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is
not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Gross's conduct was "outrageous," and that he "should be punished." Gross maintains that these remarks showed that there was reason to question the court's impartiality at the subsequent criminal-contempt proceeding on June 26, 1996. Because Gross has not established that these remarks "display[ed] a deep-seated favoritism or antagonism that would make fair judgment impossible," see Liteky v. United States, 510 U.S. 540, 555 (1994), he has not shown that the court abused its discretion in denying the motion for recusal. Matassarin v. Lynch, 174 F.3d 549, 571 (5th Cir. 1999). Gross implies that the district court was under the mistaken impression that any bias was required to be based on an "extrajudicial source," but the record does not reflect that the court held any such impression.

Gross asserts that the court actually found him guilty of criminal contempt at the May 22, 1996, civil-contempt proceeding and that the June 26, 1996, proceeding was merely "window dressing." He contends that court failed to provide him with notice, as required by the former FED. R. CRIM. P. 42(b), that he was facing a criminal contempt proceeding on May 22, 1996. Because Gross did not make such a challenge in district court, this contention is reviewable for plain error only. See United States v. Burton, 126 F.3d 666, 671 (5th Cir. 1997). Under the plain-error standard, the defendant bears the burden of showing that (1) there is an error (2) that is clear or obvious and (3) that affects substantial rights. See United States v. Olano, 507 U.S. 725, 732-34 (1993). Gross has not made such a showing. Although the court opined at the May 22, 1996, proceeding that he "should be punished," these remarks amounted only to a determination that there was sufficient evidence to establish to require Gross to show cause why he should be held in criminal contempt. Gross does not suggest that he was not provided with proper notice for the June 26, 1996, criminal-contempt proceeding.

2

The judgment of the district court is AFFIRMED. Gross's motion for a stay of execution of his fine is DENIED.